IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WHITZEY S. WALKER                                                      PLAINTIFF

V.                                                   CIVIL ACTION NO.: 1:18CV137-JMV

STEVE PICKETT and
STEPHINE SKIPPER                                                     DEFENDANTS

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Whitzey S. Walker, an inmate in the custody of the Mississippi Department of Corrections, has filed suit pursuant to 42 U.S.C. § 1983 alleging Defendants have denied him a parole-eligibility hearing and release on parole.

### I. Background

Walker was convicted of residential burglary in 2006 and was sentenced to twenty-five years' incarceration as an habitual offender under Mississippi Code Annotated § 99-19-81. Walker claims that pursuant to recently revised House Bill 585, he is now eligible for parole as an non-violent habitual offender. Doc. #1 at 13. He has produced an order from the sentencing judge entered January 29, 2018, recommending "to the Mississippi Parole Board that the Petitioner Whitzey Walker be considered by said Board for parole under 47-7-3(1)(a)(iii)." Doc. #1 at 10. Despite entry of this order, he claims, he has not been granted a parole hearing or a recommendation for parole.

### II. Screening Standards

Because Walker has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to

preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

### III. Discussion

Walker argues that the Mississippi legislature has created a protected liberty interest that he has been denied by the Parole Board's failure to grant him a hearing, and ultimately, parole.

First, to the extent that Walker's claims are based upon a violation of Mississippi's parole statutes, they are dismissed, as violation of state law does not, alone, give rise to an action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982).

Second, eligibility for parole is a matter of state law; there is no right to parole recognized under federal law. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state can create a liberty interest protected by the Due Process Clause when it has a system of **mandatory** parole. *Wansley v. Mississippi Dept. of Corrs.*, 769 F.3d 309, 312 (5th Cir. 2014) (emphasis added). Both the Mississippi Supreme Court and the Fifth Circuit have held that Mississippi's permissive

parole statutes do not create a liberty interest, "and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied." *Smith v. Mississippi Parole Bd.*, 478 F. App'x 97, 99 (5th Cir. 2012); *see also Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987) (citing *Irving v. Thigpen*, 732 F.2d 1215, 1217–1218 (5th Cir. 1984)( holding "the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach")); *Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983) (holding that the Mississippi parole law provides only "a mere hope that the benefit will be obtained"); Miss. Code Ann. § 47-7-1, *et seq*. Accordingly, the Mississippi parole statutes do not give inmates any federally-protected interests in parole or the parole process, and this action must be dismissed for failure to state a claim upon which relief may be granted.[1]

### IV. Conclusion

For the reasons set forth above, it is **ORDERED** that the instant complaint is **DISMISSED WITH PREJUDICE**. A separate final judgment will enter today.

**SO ORDERED** this 2nd day of August, 2018.

s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court otherwise notes that Walker was sentenced as an habitual offender under Mississippi Code Ann. § 99-19-81, and Miss. Code Ann. § 47-7-3 provides that "[n]o prisoner convicted as a confirmed and habitual criminal under the provisions of Sections 99-19-81 through 99-19-87 shall be eligible for parole[.]"